*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER RYAN PERSKI,

Defendant-Appellant.

UNPUBLISHED
May 28, 2020

No. 348561
Manistee Circuit Court
LC No. 18-004804-FC

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted by no-contest plea of first-degree home invasion, MCL 750.110a(2), receiving or concealing a firearm, MCL 750.535b(2), felon in possession of a firearm, MCL 750.224f(1), and receiving or concealing stolen property that has a value of $1,000 or more but less than $20,000 (RCSP), MCL 750.535(3)(a). He was sentenced to 8 to 20 years' imprisonment for the home invasion conviction, 2 to 10 years' imprisonment for his conviction of receiving or concealing a firearm, 2 to 5 years' imprisonment for the felon-in-possession conviction, and 2 to 5 years' imprisonment for the RCSP conviction. The trial court ordered defendant to serve the home invasion sentence consecutively to the RCSP sentence. Defendant appeals by delayed leave granted the imposition of consecutive sentences. We affirm.

The victim reported that he woke up to find that his PlayStation 4, six games, and a change jar were missing from his home. Upon investigation, the police searched a home where defendant resided and found the PlayStation 4 and the six games. The change jar was not located, but approximately $114 in change was discovered. Other stolen property was also found at the house, including a gun, a scope for a rifle, fishing rods, and chainsaws. The PlayStation 4 was valued at $399, the games were valued at $50 each for a total of $300, the rifle scope was valued at $275, and the fishing rods were valued at approximately $1,750. The property values were established at the preliminary examination.

On appeal, defendant argues that the trial court failed to articulate the specific reasons for imposing consecutive sentences and that the home invasion and RCSP offenses did not arise from the same transaction as required for imposition of consecutive sentences. A trial court's decision

to sentence a defendant to serve consecutive sentences is reviewed for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id*. MCL 750.110a(8) provides that "[t]he court may order a term of imprisonment imposed for home invasion in the first degree to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction."

With respect to defendant's articulation argument, at the sentencing hearing, the trial court almost immediately asked, "The home invasion first degree is subject to a consecutive sentence, is that correct?" The prosecutor responded that imposing a consecutive sentence was indeed an available option at the discretion of the court. The trial court then noted that consecutive sentencing had to be specifically related to one of the other felonies. And there was a consensus that the other felony was RCSP. The trial court, in a clear reference to consecutive sentencing, then noted:

> And I explained to [defendant] at the time of the plea that, although the habitual-offender notice was being dismissed as part of the plea agreement, there is the discretionary sentencing nature of the statute that applies to the home invasion in the first degree[.]

Defense counsel spoke on behalf of defendant and observed that the probation officer who authored the presentence investigation report was "well aware" of the trial court's discretion to impose consecutive sentences and opted not to make that recommendation. The trial court proceeded to discuss defendant's extensive criminal record, which included three prior felony and nine misdemeanor convictions, the goals of sentencing, the fact that defendant did not challenge the scoring of the guidelines, and the need for the court to impose proportionate sentences. Next, immediately before imposing the various sentences, including the consecutive sentences, the trial court stated:

> The home invasion in the first degree crime involved your going into a home in this community while individuals were asleep, and you can never - - I appreciate your statements to the Court, but I suspect truly being able to compensate the home owners and return to them a sense of safety is something that would be incredibly difficult to achieve. You simply have taken something that is really priceless and that's their security; as such the Court finds the following sentence[s] to be proportionate.

We rely on *Norfleet*, 317 Mich App 649, to analyze and resolve the issue. An important aspect of *Norfleet* is that the defendant there was convicted of seven drug-related crimes and the sentencing "court directed that each of the sentences for the first five counts be served consecutively." *Id.* at 657. There were *five* consecutive sentences imposed by the court, and it is in that context that the Court held as follows:

> [A] trial court may not impose multiple consecutive sentences as a single act of discretion nor explain them as such. The decision regarding each consecutive sentence is its own discretionary act and must be separately justified on the record. The statute clearly provides that a discretionary decision must be made as to each

sentence and not to them all as a group. . . . While imposition of more than one consecutive sentence may be justified in an extraordinary case, trial courts must nevertheless articulate their rationale for the imposition of each consecutive sentence so as to allow appellate review. . . . .

In the instant case, the trial court spoke only in general terms, stating that it took into account defendant's background, his history, and the nature of the offenses involved. Moreover, it did not speak separately regarding each consecutive sentence, each of which represents a separate exercise of discretion. Therefore, the trial court did not give particularized reasons—with reference to the specific offenses and the defendant—to impose each sentence . . . consecutively to the others. Remand is therefore necessary so that the trial court can fully articulate its rationale for each consecutive sentence imposed. [*Id.* at 665-666 (quotation marks, citations, and alterations omitted).]

In the instant case, we are addressing *one* consecutive sentence. Moreover, as reflected in our earlier discussion of the record, the issue of the trial court's discretion to impose a single consecutive sentence was at the forefront of sentencing and an obvious focus of the court's attention. We conclude that it is readily evident that the trial court's remarks about defendant's extensive and dreadful criminal history and the lost sense of security suffered by the victims of the brazen crimes served as the court's reasons for imposing consecutive sentences. We are not forced to weed through multiple consecutive sentences and attempt to match them to reasons for their imposition. On appeal, defendant examines in a vacuum that point in the sentencing hearing when consecutive sentences were ordered, failing to give the proper context to the decision by considering the remainder of the sentencing record. We see no basis to remand this case for further articulation.

Defendant also argues that the trial court erred by imposing consecutive sentences because the offenses of home invasion and RCSP did not arise from the same transaction as required by MCL 750.110a(8). The term "same transaction" is not statutorily defined, but the term has developed a unique legal meaning. *People v Ryan*, 295 Mich App 388, 402; 819 NW2d 55 (2012). Two separate criminal offenses committed by the same person can occur within the "same transaction." *Id.* Offenses can arise from the same transaction when they grow out of a continuous time sequence. *Id.* Language such as "arising from" or "arising out of" suggests a causal connection, a cause and effect relationship, or a connective relationship between two events of a sort that is more than incidental. *Id.* at 403.

In the instant case, during the commission of the home invasion by defendant, he removed items from the victim's house, transported them, and then concealed the items in defendant's residence. Thus, there was a causal connection, a cause and effect relationship, or a connective relationship between the offenses of home invasion and RCSP that was more than incidental, and the offenses were part of a continuous time sequence. Defendant is correct that the value of the items stolen in the home invasion and then found in his residence, on their own, did not amount to the required minimum of $1,000 for purposes of the RCSP charge. But this does not mean that the offense of RCSP did not arise from the home invasion transaction—the offense arose from a

combination of the home invasion and other criminal activity.[1]  As such, consecutive sentencing was an option for the trial court.

We affirm.

/s/ Jane E. Markey
/s/ Mark T. Boonstra

---

[1] At the preliminary examination, the district court indicated that it was taking into consideration the items stolen from the victim's home, along with the other stolen items discovered in defendant's home, when calculating the total value in relation to the RCSP charge.  And at the subsequent plea hearing, defendant agreed with the trial court that it could use the preliminary examination as establishing the factual basis for his no-contest plea.  Accordingly, the RCSP conviction was not based exclusively on stolen items that were not part of the home invasion.